UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DANTE COLEMAN,

    Petitioner,

    v.                                                              Case No. 11-C-0727

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DOC. 1), DENYING CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE

    Dante Coleman has filed a pro se motion under 28 U.S.C. § 2255 challenging his 2005 judgment of conviction. Coleman entered a guilty plea to multiple counts, including felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). The Seventh Circuit Court of Appeals remanded for resentencing because the probation officer at sentencing erroneously represented that the mandatory minimum term of supervised release was ten years rather than eight. *United States v. Coleman*, 232 Fed. App'x 594 (7th Cir. 2007). On remand, this court reduced Coleman's sentence from 322 months to 198 months, and made the state and federal sentences fully concurrent. Coleman appealed a second time, and appointed counsel filed an *Anders* brief. The Seventh Circuit affirmed, finding that Coleman was properly sentenced as a career offender. The pending habeas motion was filed timely and

raises a myriad of ineffective assistance of counsel claims, as well as one stand alone due process claim. For the reasons set forth below, the motion will be denied.

The grand jury indicted Coleman on December 7, 2004, charging him with the three crimes referenced above. (Case No. 04-CR-278, Doc. 1.) In early January of 2005, the government filed an information pursuant to 21 U.S.C. § 851, subjecting Coleman to enhanced penalties on account of a prior controlled substance offense. (*Id.,* Doc. 7.) A plea agreement was filed on March 11, 2005. (*Id.*, Doc. 10.) The penalties section of the agreement stated that Coleman would be pleading guilty to three counts, at least one of which carried a minimum term of imprisonment of not less that five years and a maximum of life. (*Id.* at ¶ 6.) The parties acknowledged that on count two Coleman faced a term of supervised release from five years to life. (*Id.*) Moreover, Coleman understood that he may be subject to the Armed Career Criminal provisions of 18 U.S.C. § 924(e), which carried a fifteen-year mandatory minimum term of imprisonment and that the government agreed to recommend a two-level sentencing guideline decrease for acceptance of responsibility as authorized by U.S.S.G. § 3E1.1(a). (*Id.* at ¶¶ 7 and 18.)

During the change of plea hearing, Coleman admitted that he signed the plea and that the statements or acknowledgments in the plea agreement were true as read and as they appeared on paper. Coleman also stated that he was satisfied with counsel's performance. (*Id.*, Doc. 17 at pp. 8-9, 12-24.)

The sentencing hearing commenced on July 1, 2005, but defense counsel requested additional time to determine whether the record supported a challenge to Coleman's stop by police, his search and his arrest. Notwithstanding the government's

2

assertion that any such argument had been waived, the court granted Coleman's request for an adjournment. (*Id.*, Doc. 18.) On August 11, 2005, defense counsel concluded that a conflict had arisen because of his representation of another individual in Milwaukee County Circuit Court. Coleman agreed that his attorney should withdraw, and Attorney Ann Bowe filed a notice of appearance as well as a sentencing memorandum. (*Id.*, Docs. 22 and 23.) Attorney Bowe argued that the sentencing guideline range was grossly excessive for Coleman's conduct and that he was penalized heavily for his prior conviction of fleeing an officer.

When Coleman was sentenced on November 23, 2005, the court sentenced him as a career offender to a term of 322 months, to run concurrent with an undischarged state sentence but with no credit for time already served on the state sentence. A ten-year term of supervised release was imposed along with a $300 special assessment. (*Id.*, Docs. 27 and 28.)

On appeal, Coleman challenged the length of his sentence and argued that the court imposed a longer term of supervised release than it otherwise would have because it believed the mandatory minimum was ten years. The Seventh Circuit noted that the district court was free to select a term of supervised release above the minimum; however, the court's initial choice of five years— before the probation officer interjected— suggested that it would not have imposed a ten-year term had it received accurate information about the lowest available term. *Coleman*, 232 Fed. App'x at 596.

The court conducted a resentencing hearing on April 9, 2008, and imposed a sentence of 120 months as to count one, 180 months as to count two, to be served

concurrently with each other, and 60 months as to count three, to run consecutively to counts 1 and 2 for a term of 240 months, less the 42 months that Coleman had spent in custody for a term of 198 months imprisonment. This sentence was to run entirely concurrent with the sentence imposed in Milwaukee County Circuit Court Case No. 01CF 6340. (*Id.*, Doc. 50.) Additionally, the court imposed an eight-year term of supervised release. (*Id.*)

Coleman appealed a second time, Attorney Bowe was discharged as counsel, and Attorney Richard Parsons was appointed to represent Coleman. Attorney Parsons moved to withdraw because he could not identify any nonfrivolous argument to pursue on appeal. The Seventh Circuit confined itself to two issues raised by Coleman: (1) whether his previous conviction for vehicular fleeing under Wis. Stat. § 346. 04(3) constitutes a "crime of violence" under § 4B1.1 to support a determination that he is a career offender; and (2) whether his sentence was reasonable. *United States v. Coleman*, 380 Fed. App'x 530 (7th Cir. 2010). With respect to the crime of violence argument, the Court of Appeals noted that Coleman was convicted under the same offense as the defendant in *United States v. Dismuke*, 593 F.3d 582 (7th Cir. 2010). *Id.*, 380 Fed. App'x at 532. Although the modified categorical approach permitted the court to consider a limited range of additional material to determine which portion of the divisible statute that Coleman violated, Coleman did not make the argument in the district court so the appellate review was limited to plain error. Because nothing in the record suggested that Coleman's earlier conviction was for merely disregarding a signal and it instead suggested that Coleman was convicted of actual "fleeing," the Seventh Circuit concluded that the district court properly concluded that

4

Coleman was a career offender. *Id.* Therefore, the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. *Id.*

In screening Coleman's pending § 2255 motion, this court regrouped the various claims and ordered the government to respond to the ineffective assistance of trial counsel and appellate counsel claims. Coleman alleged that trial counsel failed to: advise him regarding his guilty plea concerning the correct term of supervised release for count two and likewise at sentencing; argue that his conviction of flight from an officer in a vehicle was not a crime of violence; investigate possible defenses, including the lawfulness of a stop, seizure, and search and conflicting versions of the complaint and radio transmissions regarding his stop; advise Coleman "as to his options otherwise available;" advise him of his right to present a counteroffer in response to the government's plea offer or "alternative courses of action;" argue at sentencing that his criminal history significantly over-represented the seriousness of his past criminal conduct and propensity to commit crimes or to investigate and present mitigating evidence at sentencing; object to the presentence report or to the court's errors in relying on summary information in the presentence report regarding prior convictions; and object to the career offender guidelines "given that the crack-to-powder cocaine ratio was entangled in the guidelines, such that a court's categorical disagreement with the ratio might support the rejection of the career offender enhancement." With respect to appellate counsel, Coleman contends that counsel should have argued that sentencing counsel was ineffective for not moving to withdraw his guilty plea based on the incorrect advice, raising the issues identified above, and failing to challenge the career offender provision regarding "the crack-to-powder cocaine ratio . . . entangled in the guidelines." The only ground for relief not related to the

assistance of counsel was predicated on claims of due process violations and the Federal Rules of Criminal Procedure based on the court's acceptance of Coleman's guilty plea in light of the incorrect term of supervised release written in the plea agreement.

Coleman also filed a supplemental brief based on the same Fair Sentencing Act arguments that the court rejected in his underlying criminal case. Because Coleman was a career offender, Amendment 750 did not alter the guideline range. (Case No. 04-CR-278, Doc. 79; Case No. 11-CV-278, Doc. 14.)

Coleman bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir.1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). Coleman must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 695. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). Failure to establish either prong of the *Strickland* test is fatal to the claim. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

Coleman's argument that counsel should have advised him of the incorrect term of supervised release set forth in the plea agreement fails because he cannot establish that he would not have entered into a guilty plea had he been advised that the minimum term of supervised release was eight years to life rather than five years to life. Aside from the fact that Coleman was properly advised that he could face a life term of supervised release, Coleman knew that he faced a lengthy term of imprisonment within a guideline range of 360 months to life prior to the acceptance of responsibility points. At no time during the colloquy did Coleman express that he did not understand the consequences of the plea and that included a life term of supervised release. Coleman has come forward with no evidence to support an assertion that the three year difference between a range of five years to life and eight years to life would have persuaded him to go to trial. Moreover, Coleman had the opportunity on remand to correct the error and received a sentence far below the original guideline range. The government had strong evidence against Coleman which was accounted for in the plea agreement and discussed in the hearing. Hence, taking into account the totality of the circumstances, the court finds no prejudice to Coleman.

Next, Coleman contended that counsel should have challenged the use of a prior conviction as a factual predicate for his career offender status. Although the Seventh Circuit decision on this issue found that the finding was proper under a plain error review, it is clear from the document submitted by the government that Coleman cannot establish prejudice on the claim. Exhibit A to the government's answer is the charging document—the underlying criminal complaint filed in Milwaukee County Circuit Court

making it clear that the violation of Wis. Stats. §§ 348.04(3) and 346.17(3)(a) would be deemed a crime of violence.

Coleman further asserts that counsel was ineffective in failing to challenge his "unlawful stop" because he was not necessarily speeding. According to Coleman, there was never really even a traffic stop, it was never said that he was speeding or that he was given a signal to pull over, and he was never cited for driving at a high rate of speed. He said that the officers never gave him a visual or audible signal, and that counsel never considered this information. (Doc. 3 at p. 7.)

The problem with Coleman's argument is that he acknowledged in the plea agreement that the Milwaukee Police Department Officers observed him traveling at a high rate of speed going west on W. Carmen Avenue, and that an officer attempted to stop him, but he continued to flee, pulled into an alley, and stopped in the middle of the alley and fled on foot. (Case No. 04-CR-278, Doc. 10 at ¶ 5.) Officers pursued Coleman but he resisted and fought with four officers before he was taken into custody. At paragraph 27 of the plea agreement, Coleman states that he was surrendering any claims that he would have raised in any pretrial motion, and he has not identified any other evidence to support this argument. (*Id.* at ¶ 27.) Moreover, at the resentencing hearing, Attorney Bowe stated that she did not file a motion to suppress because the facts did not support the motion. (*Id.*, Doc. 60 at p. 6.) Specifically, she told this court:

> From the first time that I appeared in the case, and the court may recall that I was substitute counsel, there was a discussion of a suppression motion. That motion was not filed because after a frank discussion with the court and myself on the record the facts that may have supported the filing of the motion were clearly not strong enough to support suppression of any evidence.

8

(*Id.*) Consequently, this court finds that Coleman has not established deficient performance or prejudice on this count.

With respect to Coleman's assertion that counsel failed to present him with a counter offer in response to the plea or any alternative courses of action, Coleman has failed to identify any viable counter offer or establish that the government would have accepted such offer. Coleman had the option of proceeding to trial but waived that right in his plea agreement. (*Id.*, Doc. 10 at ¶ 27.) Again, he has failed to establish cause or prejudice.

The record belies Coleman's next argument that counsel failed to argue at sentencing that his criminal history was overstated. In Coleman's sentencing memorandum dated October 26, 2005, Attorney Anne Bowe made this argument. (*Id.*, Doc. 24.) Additionally, she reiterated the argument at sentencing and on resentencing, asserting that "his prior convictions which led to his career offender while serious were not of the armed and violent nature that I believe that Congress intended to punish by the kind of lengthy sentence that he was originally given in this case." (*Id.*, Doc. 60 at p. 9.) Hence, this claim also fails.

Coleman's claim that counsel failed to object to the court's reliance on the presentence report appears to be tied to his claim that the underlying fleeing conviction was not a crime of violence. For the reasons set forth above, Coleman cannot establish on this record that he was not a career offender. The Seventh Circuit deemed this court's ruling proper, and the underlying charging document, attached to the Answer as Exhibit A,

9

confirms that Coleman's underlying conviction was, in fact, a crime of violence. (Doc. 7, Ex. A.)

Coleman's assertions regarding the crack-to-powder ratios have been addressed in his underlying criminal case. Because Coleman's status as a career offender increased his base offense level to a 37, he was and is not entitled to the benefit of any amendment lowering the base offense level for cocaine base offenses. (Case No. 04-CR-278, Docs. 79 and 83.) Moreover, his claims that appellate counsel was ineffective in failing to raise any of the above-referenced grounds lacks merit for the same reasons trial counsel was not ineffective.

As a final matter, Coleman has argued that the error in the plea agreement regarding the minimum term of supervised release violated due process and the Federal Rules of Criminal Procedure. This argument is barred by the doctrine of procedural default. Twice Coleman has appealed and did not make this exact argument. However, he had the chance on remand to correct the error with respect to the term of supervised release and received a prison term 124 months below the original sentence. And, as stated above, Coleman has produced no evidence that he would have refused to enter a plea and proceed to trial had he known the term of supervised release was eight years to life rather than five years to life.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the court finds that Coleman has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Now, therefore,

IT IS ORDERED that Coleman's motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE